IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHRYN HARTSHORN,

        Plaintiff,                             No. CIV S-04-2030 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                          <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand for immediate payment of benefits.

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated January 26, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.[2] The ALJ found plaintiff has multiple severe impairments of chronic cervical spine and lumbar spine pain status post-lumbar spine fusion and degenerative disc disease as well as a diagnosis of fibromyalgia, multiple sclerosis and a history

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[2] The period at issue here is March 28, 2001 through January 26, 2004. On a prior application for disability benefits, plaintiff alleged disability as of April 11, 1997. While that application was pending, plaintiff filed a subsequent application which resulted in the ALJ's decision at issue here. Subsequent to that decision, on September 21, 2004, in issuing a decision on plaintiff's prior application, a different ALJ found plaintiff was disabled from April 11, 1997 up until the closed period at issue here and again disabled thereafter. Plaintiff's Exhibit 1.

of optic neuritis, but these impairments do not meet or medically equal a listed impairment; neither plaintiff nor her husband are credible; plaintiff can perform light work with certain postural limitations; plaintiff can perform her past relevant work; and plaintiff is not disabled. Administrative Transcript ("AT") 28-29.  Plaintiff contends the ALJ committed error at step three of the sequential evaluation and that a doctor's report should have been excluded from the record.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. <u>Analysis</u>

Plaintiff assigns three errors to the ALJ's analysis. Dispositive, however, is her challenge to the ALJ's finding with respect to whether plaintiff's impairments in combination medically equal Listing 11.09 (multiple sclerosis).

The Social Security Regulations "Listing of Impairments" is comprised of impairments to certain specified categories of body systems that are severe enough to preclude a person from performing gainful activity. <u>Young v. Sullivan</u>, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. <u>Key v. Heckler</u>, 754 F.2d 1545, 1550 (9th Cir. 1985).

To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. Where more than one impairment is present, but the impairments do not meet or equal a listed impairment, the impairments will be considered in combination to determine whether the combination is medically equal to any listed impairment. <u>Id.</u> The claimant's impairments "must be considered in combination and must not be fragmentized in evaluating their effects." <u>Lester v. Chater</u>, 81 F.3d 821, 829 (9th Cir. 1995) (citations omitted). A finding of equivalence must be based on medical evidence only. 20 C.F.R. § 404.1529(d)(3).

Plaintiff here challenges the ALJ's determination that Listing 11.09 is not medically equaled when plaintiff's severe impairment of multiple sclerosis is considered in combination with plaintiff's other impairments. The ALJ found plaintiff has multiple severe impairments of chronic cervical spine and lumbar spine pain status post-lumbar spine fusion and

degenerative disc disease as well as a diagnosis of fibromyalgia, multiple sclerosis and a history of optic neuritis. AT 24. In the analysis, the ALJ addressed Listing 11.09 and briefly concluded "the record does not show that the requirements of 11.09 have been met." AT 24. Because of the nature of the impairments found to be severe by the ALJ[3] and the brevity of analysis, this court cannot determine whether plaintiff's complex impairments were properly considered in combination for equivalence. In a situation like this, testimony of a medical consultant would be particularly helpful, both to meet the ALJ's obligation of developing a complete record and for purposes of the court's meaningful review. See Marcia v. Sullivan, 900 F.2d 172 (9th Cir. 1990); see also 20 C.F.R. § 416.926(b) (medical equivalence must be based on medical findings; Commissioner will consider medical opinion of consultant in deciding medical equivalence). That the testimony of a medical advisor regarding medical equivalence should be taken was recognized by the Commissioner in the subsequently rendered opinion of the ALJ regarding plaintiff's prior application for disability benefits. See Pl.'s Ex. 1 (ALJ's decision dated September 21, 2004 at 8; at third step in sequential evaluation process, "court note[d] that the combined effect of the claimant's multiple severe medical impairments may meet an appropriate medical listing . . . a finding of medical equivalency is not possible without updated medical

/////

---

[3] Multiple sclerosis is a "slowly progressive CNS disease . . . resulting in multiple and varied neurologic symptoms and signs, usually with remissions and exacerbations." The Merck Manual 1474 (17th ed. 1999).

"Fibromyalgia is a form of rheumatic disease with no known cause or cure. The principal symptoms, which are entirely subjective, are pain and tenderness in muscles, joints and ligaments, but the disease is frequently accompanied by fatigue, sleep disturbances, anxiety, dizziness, irritable bowels and tension headaches." Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1067 (9th Cir. 1999) (citing Arthritis Foundation Pamphlet, Fibromyalgia 6-8 (1989)). "The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch." Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir. 1996).

opinion evidence."). The ALJ in the instant matter committed error at step three in failing to obtain the opinion of a medical consultant with respect to medical equivalence.

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

In this case, remand for immediate payment of benefits is appropriate. The ALJ failed in his duty to properly consider whether plaintiff's impairments in combination equaled a Listing. Moreover, the Commissioner has now found plaintiff disabled up to the closed period of March 28, 2001 through January 26, 2004 and disabled thereafter. Pl.'s Ex. 1 (ALJ's decision at 10, Finding no. 8). It is only because the decision pertaining to the closed period was under review by this court that the period was not considered by the ALJ in adjudicating plaintiff's initial disability application. Id. (ALJ's decision at 1; ALJ without jurisdiction to address the issue of disability from March 28, 2001 through January 26, 2004 because decision on plaintiff's second application for disability benefits was pending before district court). Plaintiff should not now be penalized by a requirement that she return to the administrative forum, when she has adhered to its rules and taken advantage of its allowing subsequent disability applications to be filed while prior applications are under review.

In addition, as the record now stands, even if the matter were remanded, there has been a prior determination of disability. Such a determination gives rise to a presumption that a disability benefit claimant is disabled. See Bellamy v. Secretary of Health & Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985) (once a claimant has been found to be disabled, presumption of continuing disability arises in claimant's favor and Commissioner bears the burden of producing

1  evidence sufficient to rebut presumption of continuing disability).  Although this presumption
2  only shifts the burden of production, the court notes that the ALJ in issuing the September 21,
3  2004 decision also had before him records from the time period at issue here.  Given the
4  extensive analysis of those records by the ALJ in reaching the September 21, 2004 decision and
5  the apparent continued deterioration of plaintiff's condition, the likelihood of the
6  Commissioner's meeting the burden of producing evidence sufficient to rebut the presumption of
7  continuing disability appears infinitesimal.  See, e.g., Pl.'s Ex. 1 (ALJ's decision at 4-6).

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.

2. The Commissioner's cross-motion for summary judgment is denied.

3. This action is remanded to the Commissioner for immediate payment of benefits for the closed period of March 28, 2001 through January 26, 2004.

DATED:  March 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
hartshorn.ss